IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40877
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MARIN-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C01-CR-80-1

_____

February 27, 2002

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Juan Marin-Hernandez appeals his conviction and sentence for transportation of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal aliens in violation of 8 U.S.C. § 1324(a). He complains that the district court erred in denying his motion to suppress because the arresting agent lacked reasonable suspicion that Marin-Hernandez was engaged in the transportation of illegal aliens.

A government agent conducting a roving border patrol stop must be aware of specific articulable facts that together with rational inferences from those facts reasonably warrant suspicion that the vehicle contains illegal aliens.[1] When determining whether reasonable suspicion exists courts must look to the totality of the circumstances surrounding the stop.[2] Weighed in the light most favorable to the government, the totality of the circumstances in the instant action supports a reasonable suspicion that Marin-Hernandez was smuggling illegal aliens.[3] The district court did not err in denying his motion to suppress.

The district court's judgment is AFFIRMED.

---

[1] United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975).

[2] United States v. Nichols, 142 F.3d 857, 866 (5th Cir.), cert. denied, 525 U.S. 1056 (1998).

[3] United States v. Chavez-Chavez, 205 F.3d 145, 148-50 (5th Cir.), cert. denied, 531 U.S. 906 (2000) (considering a list of circumstantial factors relevant to a determination of reasonable suspicion).